Filed
11 September 14 P5:49
Sherri Adelstein
District Clerk    JGP
Denton District

No. 2011-20758-158

| | |
|---|---|
| B2-USA, INC., THE SCRUGGS GROUP, INC. § <br> and FRANK MAY § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> UNIRISX MANAGEMENT CORP, and § <br> UNIRISX, LLC § <br> Defendants, § | IN THE DISTRICT COURT <br><br> 158 JUDICIAL DISTRICT <br><br><br> DENTON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE COURT:

Plaintiffs, B2-USA, Inc. ("B2"), The Scruggs Group, Inc. ("TSG") and Frank May ("May"), file this Original Petition complaining of Defendant, Unirisx Management Corp. ("UMC") and UniRisX, LLC ("LLC"), and would respectfully show the Court as follows:

### PARTIES/SERVICE

1.  Defendant, Unirisx Management Corp., is a Delaware Corporation that has actively engaged in business in Texas, and has contracted within the State of Texas, but has failed to obtain a Certificate of Authority or otherwise register to do business within the State of Texas. Defendant, Unirisx Management Corp., does not maintain a regular place of business within the State of Texas, and has not designated an agent for service of process. The above-entitled and numbered cause arises out of the business done and property owned in this state and to which Defendant, Unirisx Management Corp. is a party. Accordingly, Defendant, Unirisx Management Corp. has conclusively appointed the Texas Secretary of State as its agent for service of process. Pursuant to the Texas Long-Arm Statute, Defendant, Unirisx Management Corp. may be served with process by serving duplicate copies of the Citation and Original Petition upon the Secretary of State of the State of Texas at the Office of the Secretary of State, 1019

Brazos, Room 220, Earl Rudder Building, Austin, Texas 78701. The Secretary of State shall immediately forward a copy of the Citation and Original Petition to Defendant, Unirisx Management Corp., at its home office address, 259 N. Radnor-Chester Road, Suite 150, Radnor, PA 19087.

2. Defendant, UniRisX, LLC, is a Delaware Limited Liability Company that has actively engaged in business in Texas, and has contracted within the State of Texas, but has failed to obtain a Certificate of Authority or otherwise register to do business within the State of Texas. Defendant, UniRisX, LLC, does not maintain a regular place of business within the State of Texas, and has not designated an agent for service of process. The above-entitled and numbered cause arises out of the business done and property owned in this state and to which Defendant, UniRisX, LLC is a party. Accordingly, Defendant, UniRisX, LLC has conclusively appointed the Texas Secretary of State as its agent for service of process. Pursuant to the Texas Long-Arm Statute, Defendant, UniRisX, LLC may be served with process by serving duplicate copies of the Citation and Original Petition upon the Secretary of State of the State of Texas at the Office of the Secretary of State, 1019 Brazos, Room 220, Earl Rudder Building, Austin, Texas 78701. The Secretary of State shall immediately forward a copy of the Citation and Original Petition to Defendant, UniRisX, LLC, at its home office address, 259 N. Radnor-Chester Road, Suite 150, Radnor, PA 19087.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action. The amount in controversy exceeds the minimum jurisdictional limits of this Court, and the relief requested herein includes a declaration of the rights remedies and obligations of the parties hereto. This Court has jurisdiction over Defendants. Defendants have actively engaged in business in Texas,

have contracted within the State of Texas, and have executed contracts for which performance is due within the State of Texas. The above-entitled and numbered cause arises out of such business activities and contracts to which Defendants are parties.

4. Venue is proper in Denton County, Texas because all or a part of the claims and causes of action alleged herein arose, in whole or in part, in Denton County, Texas and/or the contracts made the subject of the claims and causes of action alleged herein were performable, in whole or in part, in Denton County, Texas.

## DISCOVERY PLAN

5. Discovery shall be concluded under Level 2 of Tex. R. Civ. P. 190.

## FACTUAL BACKGROUND

6. On or about the 14th day of September, 2010, B2 and LLC executed a Mutual Non-Disclosure Agreement ("NDA"), a true and correct copy of which is attached hereto as Exhibit "A". On or about the 21st day of September, 2010, following negotiations and meetings in Denton County, Texas, B2 and LLC entered into an agreement for the investigation of a longer term relationship and the provision of services by B2 for LLC (the "Services Agreement") relating to an entity known as KnightBrook Insurance Company ("KnightBrook"). B2 performed services pursuant to the Services Agreement in Denton County, Texas. However, LLC subsequently attempted to renegotiate the agreed terms of the Services Agreement to the benefit of LLC and to the detriment of B2. No definitive agreement was reached and B2 and LLC parted ways. Upon information and belief, LLC was unable to provide the services and capabilities of the insurance policy/claims/billing management system it had proposed to KnightBrook and KnightBrook terminated its relationship with LLC. KnightBrook subsequently contacted B2 and requested that B2 make a proposal for an insurance services and management

system.

7. On or about September 11, 2011, B2 and May received correspondence from counsel for LLC, alleging that B2 and May were tortiously interfering with contracts between LLC and KnightBrook and demanding that B2 and May "cease and desist from your dealings with KnightBrook" and "cease all negotiations with KnightBrook and not seek to do business with them".

8. LLC alleges that May breached an employment agreement with LLC by becoming employed by B2. However, May is not employed by B2. May is employed by TSG. However, although May's employment agreement with UMC mentions a "Confidentiality, Non-Competition and Assignment of Inventions Agreement" to be executed, no such agreement was ever presented to May or executed by May. May is aware of no confidentiality agreement, no non-disclosure agreement, no non-competition agreement and no assignment of inventions agreement with either of UMC or LLC.

9. LLC further alleges that B2 has "taken confidential information that it obtained from [LLC], pursuant to the parties' Mutual Non-Disclosure Agreement, and unlawfully used that confidential information to strengthen its negotiating position with KnightBrook". B2 has not used or disclosed any "Confidential Information" (as defined in the NDA) for any purpose other than to evaluate the possibility of entering into a business relationship between B2 and LLC.

10. B2 seeks to determine whether it may continue to work with May, to negotiate and/or contract with KnightBrook, and whether May is subject to any post-employment confidentiality agreement, non-disclosure agreement, non-competition agreement or assignment of inventions agreement with either of UMC or LLC, and seeks a declaration

that its work with May, any negotiations and/or contracts with KnightBrook are not in violation of the NDA or any post-employment confidentiality agreement, non-disclosure agreement, non-competition agreement or assignment of inventions agreement with either of UMC or LLC.

11. TSG seeks to determine whether it may continue to employ May and whether May is subject to any post-employment confidentiality agreement, non-disclosure agreement, non-competition agreement or assignment of inventions agreement with either of UMC or LLC, and seeks a declaration that its employment of May is not in violation of any such agreement.

## DECLARATORY JUDGMENT

12. Plaintiffs are entitled to a declaratory judgment, as requested herein, that that (a) May is not subject to any post-employment confidentiality agreement, non-disclosure agreement, non-competition agreement or assignment of inventions agreement with either of UMC or LLC; (b) B2 may continue to work with May and to negotiate and/or contract with KnightBrook; (c) B2 may negotiate and/or contract with KnightBrook; (d) B2 is not in violation of the NDA or any post-employment confidentiality agreement, non-disclosure agreement, non-competition agreement or assignment of inventions agreement with either of UMC or LLC; and (e) TSG may continue to employ May, free and clear of any post-employment confidentiality agreement, non-disclosure agreement, non-competition agreement or assignment of inventions agreement with either of UMC or LLC.

## ATTORNEYS FEES

13. Due to Defendants' conduct, including as hereinabove described, Plaintiffs have been compelled to hire the undersigned attorneys to represent them and to protect their

interests in this action. Consequently, Plaintiffs are entitled to recover their reasonable and necessary attorneys' fees through final judgment and all resulting appeals, pursuant to the Texas Declaratory Judgment Act.

## PRAYER

WHEREFORE, Plaintiffs request that Defendant be cited to appear and answer herein, and that upon final judgment, Plaintiffs have and recover judgment against Defendant for the following:

1. Declaratory Relief as requested herein;

2. Reasonable and necessary attorneys fees for the prosecution of this action, together with additional awards in the event of appeals;

3. Prejudgment and Post judgment interest at the highest lawful rate from the date of judgment until paid;

4. Costs of suits;

5. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

**STANDERFER LAW FIRM, P.C.**
1130 N. Carroll Ave., Suite 100
Southlake, Texas 76092

By: _____
GREGORY P. STANDERFER
State Bar No. 19029500
(Metro) 817-481-4411
(Metro) 817-481-4053 (Facsimile)
**ATTORNEYS FOR PLAINTIFFS**

*FAX VIVEK*
*940 262 7400*

## MUTUAL NONDISCLOSURE AGREEMENT

This Mutual Nondisclosure Agreement (the "Agreement") is entered into as of the 7th day of September, 2010, by and between Unirisx LLC, a Pennsylvania corporation having offices at 259 N. Radnor-Chester Road, Suite 150, Radnor, PA 19087 (hereinafter "Unirisx") and B2, a Texas corporation with its principal place of business at 2020 Long Tail Trail, Argyle, TX 76226 (hereinafter "B2-USA").

1. **Purpose.** Unirisx and B2-USA wish to explore a possible business relationship pursuant to which each party may disclose its Confidential Information (as defined below) to the other party. This Agreement is intended to bind Recipient (as defined below) and prevent it from disclosing the existence of these discussions and to prevent it from disclosing the Confidential Information of the other party as herein provided or from using the Confidential Information for purposes other than the evaluation of the business relationship as described in Section 3 (b) below.

2. **Definitions.** For purposes of this Agreement, the terms set forth below shall have the meaning specified in this Section 2:

(a) the term "Recipient" shall mean Unirisx with respect to Confidential Information supplied hereunder by B2-USA and B2-USA as to the Confidential Information supplied hereunder by Unirisx; and

(b) the term "Confidential Information" shall mean, without limitation, any and all information such as apparatus, charts, compilations, concepts, data, designs, diagrams, discoveries, documentation, documents, drawings, ideas, inventions, lists, materials, models, objectives, plans, procedures, records, research, sketches, software (including all derivative works), specifications, techniques, technical data, trade secrets, processes, and/or know-how, including, without limitation, that which relates to research, products, services, customers, markets, processes, marketing or finances of the disclosing party, which are disclosed by the disclosing party to the Recipient in either written, electronic, or oral form. Confidential Information, to the extent practical, shall be disclosed in documentary or tangible form, marked "confidential" or "proprietary". In the case of disclosure in non-documentary form made orally or by visual inspection, the disclosing party shall have the right, or if requested by Recipient, the obligation to confirm in writing, within sixty (60) days after the disclosure is made, the fact that such information is confidential and protected hereunder. The amount and type of Confidential Information to be disclosed is completely within the sole discretion of each party. Confidential Information does not include information which (i) at the time of disclosure, is available to the general public; (ii) at a later date, becomes available to the general public through no fault of Recipient and then only after such later date; (iii) Recipient can demonstrate was in its possession before receipt through lawful means; or (iv) is disclosed to Recipient without restriction on disclosure by a third-party who had the lawful right to disclose such information. The disclosing party's Confidential Information shall also include, without limitation, (A) all information concerning the disclosing party's business strategies, including specifically, the disclosing party's business plan, its proprietary software, configurations, designs, and processes, and all

Page 1
*Contains Confidential and Proprietary Information of the Parties*

# EXHIBIT "A"

## MUTUAL NONDISCLOSURE AGREEMENT

related documents and information; (B) financial condition, plans, intentions, business associations, and contractual arrangements; and (C) the identity of potential employees and any terms relating to relationships with such potential employees.

3. **Nondisclosure and Non-Use.** (a) Recipient agrees not to disclose the existence of these discussions nor to disclose the Confidential Information disclosed to it by the other party to third-parties except for legal counsel, accounting professionals, consultants, or employees (collectively, "Agents") of Recipient who are required to have knowledge of these discussions in order to carry out the contemplated purposes described in Section 3(b) below. Recipient agrees to use the same degree of care that it uses to protect its own confidential information of similar importance, but in no event less than reasonable care, to prevent the unauthorized use, disclosure or dissemination of Confidential Information of the disclosing party. Notwithstanding this Section 3(a), Recipient may disclose Confidential Information if required pursuant to a court order; provided, that Recipient has notified the disclosing party immediately upon learning of the possibility of any such court order and has given the disclosing party a reasonable opportunity (and cooperated with disclosing party) to contest or limit the scope of such required disclosure (including application for a protective order). Each party agrees to notify the other party in writing of any misuse or misappropriation of such Confidential Information of the other party which may come to its attention.

(b) Recipient further agrees not to use the Confidential Information provided to it by the other party for any purposes other than to evaluate the possibility of entering into a business relationship between B2-USA and Unirisx.

4. **Publicity and Disclosure.** In addition to the restriction in paragraph 3., each party agrees that, without the prior written consent of the other party, it will not disclose to any person or entity, other than Agents, any of the following: (i) the fact that discussions or negotiations are taking place concerning a possible business transaction between B2-USA and Unirisx; or (ii) any of the terms, conditions or other facts with respect thereto (including the status thereof or the identity of the participants in such discussions).

5. **Securities Acknowledgment.** Each party acknowledges that they are aware that the United States securities laws prohibit any person who has received from Unirisx or B2-USA material, non-public information concerning the matters which are the subject of this agreement from purchasing (except from Unirisx or B2-USA) or selling any securities of Unirisx or B2-USA or from communicating such information to any other person under circumstances in which it is reasonably foreseeable that such person is likely to purchase or sell such securities.

6. **Return of Materials.** Any Confidential Information, including all copies thereof, which have been furnished to Recipient by the disclosing party shall be promptly returned or destroyed within ten (10) business days after receipt by Recipient of a written

## MUTUAL NONDISCLOSURE AGREEMENT

notice from the disclosing party requesting the return or destruction of the disclosing party's Confidential Information.

7. **No Rights Granted.** Nothing in this Agreement is intended to grant Recipient any rights in or to the disclosing party's confidential Information, except the limited right to review such Confidential Information solely for the purpose of determining whether to enter into the proposed business relationship between the parties.

8. **Confidentiality Agreement Only.** Each party understands and agrees that no contract or agreement providing for any transaction involving the parties shall be deemed to exist between the parties unless and until a final definitive agreement has been executed and delivered, which agreement may or may not be executed. Each party also agrees that unless and until a final definitive agreement regarding a transaction between the parties has been executed and delivered, which may or may not occur, neither party will be under any legal obligation of any kind whatsoever with respect to such a transaction by virtue of this Agreement except for the matters specifically agreed to herein.

9. **Continuing Obligation.** Whether or not the business relationship described in Section 3 (b) is consummated, unless otherwise mutually agreed in writing, Recipient's nondisclosure and non-use obligations hereunder with respect to each item of Confidential Information shall terminate three (3) years from the date of the receipt thereof by Recipient.

10. **Governing Law and Jurisdiction.** This Agreement shall be governed by and construed under the laws of the state of Texas, without regard to its conflicts of laws principles.

11. **Remedies.** Each part agrees that its obligations hereunder are necessary and reasonable in order to protect the other party and the other party's business, and expressly agrees that monetary damages would be inadequate to compensate the other party for any breach of any covenant or agreement set forth herein. Accordingly, each party agrees and acknowledges that any such violation or threatened violation will cause irreparable injury to the other party and that, in addition to any other remedies that may be available, in law, in equity or otherwise, the other party shall be entitled to obtain injunctive relief against the breach or threatened breach of this Agreement or the continuation of any such breach, without the necessity of proving actual damages.

12. **Attorney's Fees.** If either party brings an action to enforce any provision of this Agreement, the prevailing party (including a party who agrees to dismiss an action upon payment of sums allegedly due, or who obtains substantially the relief sought) shall be entitled to attorney's fees and arbitration and court costs.

## MUTUAL NONDISCLOSURE AGREEMENT

13. **Miscellaneous.** This Agreement shall be binding upon and inure to the benefit of the undersigned parties, their successors and assigns. The parties acknowledge and agree that either party may assign all of its rights and obligations under this Agreement to a newly formed entity to implement the business relationship contemplated by this Agreement and that such newly formed entity is an intended third-party beneficiary of this Agreement. Failure to enforce any provision of this Agreement shall not constitute a waiver of any term hereof. If any provision of this Agreement, or the application of such provision to any person or entity, or circumstance, is held to be invalid or unenforceable, the remainder of this Agreement, or the application of such provision to persons, entities or circumstances other than those as to which it is held invalid or unenforceable, shall continue in full force and effect without being impaired or invalidated. This Agreement may be executed in any number of counterparts, each of which shall be an original, but all of which together shall constitute one instrument.

IN WITNESS WHEREOF, this Agreement is executed by the undersigned as of the date first set forth above.

Unitrisx:

By: _Jonothan Kolu_

Title: _CHAIRMAN_

B2-USA:

By: _Vivek Sethi_ 04/08/10

Title: _CEO_

Filed
11 September 14 P6:03
Sherri Adelstein
District Clerk    JGP
Denton District

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER (FOR CLERK USE ONLY): 2011-20758-158    COURT (FOR CLERK USE ONLY): _____

STYLED: B2-USA, INC. ET AL. V. UNIRISX MANAGEMENT CORP, ET AL
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment motion for modification or enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to reflect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

**Name:** GREG STANDERFER
**Email:** GPS@GPS-LAW.COM
**Address:** 1130 N. CARROLL AVE SUITE 100
**City/State/Zip:** SOUTHLAKE, TX 76092
**Telephone:** 817-481-4411
**Fax:** 817-481-4053
**Signature:** [signed]
**State Bar No:** 19029500

**Plaintiff(s)/Petitioner(s):** B2-USA, INC. AND THE SCRUGGS GROUP, INC.

**Defendant(s)/Respondent(s):** UNIRISX MANAGEMENT CORP AND UNIRISX, LLC

☒ Attorney for Plaintiff/Petitioner
☐ Pro Se Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other

## Civil

### Contract
**Debt/Contract**
- Consumer/DTPA
- Debt/Contract
- Fraud/Misrepresentation
- Other Debt/Contract: DECLARATORY

**Foreclosure** JUDGMENT
- Home Equity—Expedited
- Other Foreclosure
- Franchise
- Insurance
- Landlord/Tenant
- Non-Competition
- Partnership
- Other Contract:

### Injury or Damage
- Assault/Battery
- Construction
- Defamation

**Malpractice**
- Accounting
- Legal
- Medical
- Other Professional Liability:

- Motor Vehicle Accident
- Premises

**Product Liability**
- Asbestos/Silica
- Other Product Liability List Product: ___

- Other Injury or Damage:

### Real Property
- Eminent Domain/Condemnation
- Partition
- Quiet Title
- Trespass to Try Title
- Other Property:

### Related to Criminal Matters
- Expunction
- Judgment Nisi
- Non-Disclosure
- Seizure/Forfeiture
- Writ of Habeas Corpus—Pre-indictment
- Other:

### Employment
- Discrimination
- Retaliation
- Termination
- Workers' Compensation
- Other Employment:

### Other Civil
- Administrative Appeal
- Antitrust/Unfair Competition
- Code Violations
- Foreign Judgment
- Intellectual Property

- Lawyer Discipline
- Perpetuate Testimony
- Securities/Stock
- Tortious Interference
- Other:

## Family Law

- Annulment
- Declare Marriage Void

**Divorce**
- With Children
- No Children

### Post-judgment Actions (non-Title IV-D)
- Enforce Foreign Judgment
- Habeas Corpus
- Name Change
- Protective Order
- Removal of Disabilities of Minority
- Other:

### Related to Family Law
- Enforcement
- Modification—Custody
- Modification—Other

**Title IV-D**
- Enforcement/Modification
- Paternity
- Reciprocals (UIFSA)
- Support Order

### Parent-Child Relationship
- Adoption/Adoption with Termination
- Child Protection
- Child Support
- Custody or Visitation
- Gestational Parenting
- Grandparent Access
- Parentage/Paternity
- Termination of Parental Rights
- Other Parent-Child:

## Probate & Mental Health

**Tax**
- Tax Appraisal
- Tax Delinquency
- Other Tax

**Probate/Wills/Intestate Administration**
- Dependent Administration
- Independent Administration
- Other Estate Proceedings

- Guardianship—Adult
- Guardianship—Minor
- Mental Health
- Other:

## Indicate procedure or remedy, if applicable:

- Appeal from Municipal or Justice Court
- Arbitration-related
- Attachment
- Bill of Review
- Certiorari
- Class Action

- ☒ Declaratory Judgment
- Garnishment
- Interpleader
- License
- Mandamus
- Post-judgment

- Prejudgment Remedy
- Protective Order
- Receiver
- Sequestration
- Temporary Restraining Order/Injunction
- Turnover